IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  ORDER

    Plaintiff,

                  06-cr-126-bbc

  v.

LAWRENCE B. GREEN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Lawrence B. Green has submitted a "letter motion" to the court in which he complains that his trial counsel was ineffective. Defendant did not label his motion as one brought under 28 U.S.C. § 2255, but the law is clear that I must treat his letter as a motion brought under that statute.

  Although defendant does not say so, his motion is one attacking the validity of his sentence. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007)("The fact that [petitioner] labeled his motion as a request for relief under a Writ of Quo Warranto and Habeas Corpus rather than section 2255 is immaterial;

1

it is the substance of the petitioner's motion that controls how his request for relief should be treated.")

Defendant was sentenced in this court on February 16, 2007 and his motion is substantively within the scope of § 2255 because it is intended as a challenge to his sentence. In his motion, he asserts that he was denied the effective assistance of counsel. Unfortunately for defendant, he has filed his motion too late for it to be considered.

Section 2255 has a one-year period of limitations that begins running from the latest of (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant was sentenced on February 16, 2007. He did not appeal his conviction to the court of appeals. Therefore, his conviction became "final" under 28 U.S.C. § 2255 (f)(1) no later than the expiration of the 10-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(I), which was approximately March 3, 2007. At that point, defendant

had no avenue for appeal from his conviction, so the one-year limit period began running. Defendant filed this motion on April 18, 2012, well beyond the one-year limitation period set out in § 2255(f)(1), and he has not shown that he is entitled to a later filing date under subsections (2), (3) or (4) of that statute.

ORDER

IT IS ORDERED that defendant Lawrence Green's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED as untimely. Defendant is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

Entered this 19th day of April, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3